UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO 09-CIV-60089-DIMITROULEAS

GULBIN DEGIRMENCI,
    Plaintiff,
vs.

Magistrate Judge Snow

SAPPHIRE - FORT LAUDERDALE, LLLP, a Florida limited liability limited partnership; ALTMAN SAPPHIRE GP, LLC;  REGIONS FINANCIAL CORPORATION, A Delaware Corporation; THE PREMIER SALES GROUP, INC.,
    Defendants.
_____ /

**PLAINTIFF'S REQUEST, IN SUPPORT OF HER MOTION FOR PARTIAL FINAL SUMMARY JUDGMENT - RETURN OF EXCESS DEPOSIT,  FOR MANDATORY JUDICIAL NOTICE OF THE SALES CONTRACT  AND 8/17/2009 ORDER IN** *Georgariu, et al. v. Terra-Adi International,*

Plaintiff, pursuant to *Rule 201, Fed. R. Evid.*, and the inherent power of this Court, requests that the Court take judicial notice of the following materials from the Miami-Dade Circuit Court file in *Georgariu, et al., v. Terra-International, LLC*, Case No. 08-15458 CA 08, 11th Cir. Miami-Dade County:

- Certified copy of Order dated 8/17/2009 granting Plaintiffs' motion for partial summary judgment, a copy of which is attached as Exhibit A to **[DE 88]**, Plaintiff's notice of filing additional authority;

- Certified copy of the sales contract attached as an exhibit to Plaintiffs' complaint, a copy of which is attached as Exhibit B to **[DE 88]**, Plaintiff's notice of filing additional authority;.

The Third DCA recently upheld the trial court's 8/17/2009 Order in  *Georgariu*. *Terra-Adi International Bayshore, LLC v. Georgarious* (sic), --- So. 3d ---, 2009 WL  3365493 (Fla. 3rd DCA 10-21-2009).

In *Georgariu*, the trial court, as affirmed by the Third DCA, determined that under the sales contract at issue there, a purchaser is "unconditionally entitled [to the return of his or her Excess Deposit] even if they did not prevail in the litigation, that is, even if they were the ones in default." *Terra-Adi International Bayshore, LLC*, 2009 WL  3365493, at *1.

*Degirmenci v. Sapphire - Fort Lauderdale, LLLP, et al.*
Case No. 09-CV-60089-Dimitrouleas-Snow
Plaintiff's Request for Judicial Notice
Page 2 of 6

Plaintiff requests that the court judicially notice these items because paragraph 13 of the sales contract between Degirmenci and the Developer, which forms the basis for Ms. Degirmenci's motion for partial summary judgment, is ***identical*** to paragraph 13 of the sales contract at issue in *Georgariu*,[1] which formed the basis of the Circuit Court's 8/17/2009 Order and the Third DCA's opinion in *Georgariu*.

### **Memorandum of Law**

Rule 201(d), Fed. R. Evid. provides that a "court shall take judicial notice if requested by a party and supplied with the necessary information."

The rule further provides:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed.R.Evid. 201(b). "In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." *United States v. Jones*, 29 F. 3d 1549, 1553 (11th Cir. 1994) (citation omitted).

Although Rule 201 speaks in terms of adjudicative facts, Federal Courts have consistently held that the fact that documents have been filed in another court or case can be judicially noticed. See, *U.S. v. Jones*, 29 F. 3d 1549, 1553 (11th Cir. 1994) (court may take judicial notice of document filed in another court to establish the fact of such litigation and related filings); *Hemy v. City of Tallahassee*, 216 F. Supp. 2d 1299, 1308 (N.D. Fla. 2002), *citing U.S. v. Jones, supra*; *Peabody Co. v. Barnes*, 308 F. Supp. 902, 903 (E.D. Mo. 1967) (court took

---

[1]With very few exceptions, the two contracts appear to be virtually identical in every other respect.

*Degirmenci v. Sapphire - Fort Lauderdale, LLLP, et al.*
Case No. 09-CV-60089-Dimitrouleas-Snow
Plaintiff's Request for Judicial Notice
Page 3 of 6

judicial notice of fact that the plaintiff filed another action in the same court and of the relief sought therein); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Petro,* 189 F. Supp. 651, 653 (S.D. Ind. 1960) (court took judicial notice of other action filed in the same court and of party's allegation of citizenship therein); *Kinnett Dairies, Inc. v. Farrow,* 580 F. 2d 1260 (5 th Cir. 1978) (trial court did not err in taking judicial notice of materials in court's own files from prior proceedings); *Cagan v. Intervest Midwest Real Estate Corp.*, 774 F. Supp. 1089 (N.D. Ill. 1991) (District Court could take judicial notice of court file in related case); *Schweitzer v. Scott*, 469 F. Supp. 1017 (C.D. Cal. 1979) (court was empowered to take judicial notice of court files and records in civil action which had been dismissed); *Enterprise Bank v. Magna Bank of Missouri,* 894 F. Supp. 1337 (E.D. Mo. 1995), *affirmed*, 92 F. 3d 743 (8th Cir. 1996) (District Court could take judicial notice of records of two earlier, related actions in same district for purpose of establishing facts leading up to present action); *Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888 (D. Del. 1991) (contents of court records that may be judicially noticed include briefs and petitions of parties; those are materials that cannot be reasonably disputed and whose accuracy cannot reasonably be questioned); *Baldwin v. Local Intern. Broth. of Teamsters*, 562 F. Supp. 36 (D.C. N.J. 1982) (District Court took judicial notice of its own records concerning other proceeding concerning events surrounding matter at issue).  *See also, Nguyen v. U.S.*, 556 F. 3d 1244, 1259 at n. 1 (11th Cir. 2009) (taking judicial notice of the docket sheet in another case in order to determine the identity of the defendants in that case)

      The authenticity and content of the documents Plaintiff seeks to have judicially noticed cannot be questioned.   Accordingly, since the Plaintiff has requested this Court to take judicial notice of these documents and has further supplied this Court with the necessary information for

*Degirmenci v. Sapphire - Fort Lauderdale, LLLP, et al.*
Case No.  09-CV-60089-Dimitrouleas-Snow
Plaintiff's Request for Judicial Notice
Page 4 of 6

it to make its determination, this Court should take judicial notice of the documents annexed as Exhibits A and B to **[DE 89]** in accordance with Fed. R. Evid. 201.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests this Court take judicial notice of the documents as requested herein.

## CERTIFICATION OF GOOD FAITH EFFORT

I hereby certify that between November 18 and November 20, 2009, I conferred with counsel for Defendants with respect to this request for judicial notice.  Defendants' counsel opposes this request for judicial notice.

Respectfully Submitted,

**s/ William D. Tucker, Esq. (Fla. Bar #865753)**
E.  wdtucker.attorney@gmail.com
The Law Offices of William D. Tucker, P.A.
2805 East Oakland Park Blvd., # 386
Fort Lauderdale, FL   33306
DIRECT LINE: 954-328-1129
Counsel for Plaintiff

Page -4-

*Degirmenci v. Sapphire - Fort Lauderdale, LLLP, et al.*
Case No.  09-CV-60089-Dimitrouleas-Snow
Plaintiff's Request for Judicial Notice
Page 5 of 6

      I hereby certify that: I electronically filed the foregoing document with the Clerk of the Court using CM/ECF; and that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, this November 20, 2009.

**s/William D. Tucker, Esq. (Fla. Bar #865753)**
E.       wdtucker.attorney@gmail.com

*Degirmenci v. Sapphire - Fort Lauderdale, LLLP, et al.*
Case No.  09-CV-60089-Dimitrouleas-Snow
Plaintiff's Request for Judicial Notice
Page 6 of 6

## SERVICE LIST

| | |
|---|---|
| William D. Tucker, Esq.<br>E.  Wdtucker.attorney@gmail.com<br>The Law Offices of William D. Tucker, P.A.<br>2805 East Oakland Park Blvd., # 386<br>Fort Lauderdale, FL   33306<br>DIRECT LINE: 954-328-1129<br>Counsel for Plaintiff<br>Electronic Service | Bernard Lewis Egozi<br>E  begozi@egozilaw.com<br>Egozi & Bennett P A<br>2999 NE 191st St, Ste 407<br>Aventura, Florida 33180-3116<br>Phone:  305-931-3000<br>Fax:  305-931-9343<br>Attorney for the DEVELOPER, REGIONS, and THE PREMIER SALES GROUP, INC.<br>Electronic Service |

F:\__A\Degirmenci\Sapphire\Motions, notices, papers\request for judicial notice certified copies from Geoorgiou v. Terra-Adi court file.wpd